IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED NORTH AMERICA INSURANCE BROKERAGE CORP. OF CALIFORNIA,<br><br>        Plaintiff,<br><br>    v.<br><br>WOODRUFF-SAWYER, et al.,<br><br>        Defendants. | No. C 04-2527  MJJ<br><br>**ORDER DENYING LEAVE TO AMEND COMPLAINT** |

## INTRODUCTION

Before the Court is Plaintiff Allied North America Insurance Brokerage Corporation of California's Motion for Leave to File First Amended Complaint. Defendant the Estate of Dermond Houweling ("the Estate") opposes the motion.[1] For the following reasons, the Court **DENIES** Plaintiff's Motion.

## FACTUAL BACKGROUND

Plaintiff employed Defendant Houweling, a successful and highly regarded executive in the insurance and surety brokerage industry, from June 15, 1998 through June 15, 2004. Houweling and Plaintiff executed a "Producer Agreement" ("the Agreement") which governed the terms and conditions of his employment with Plaintiff. The Agreement allegedly prevented Houweling from engaging in conduct that posed a conflict of interest with his employment with Plaintiff and

---

[1] Defendants initially moved to strike the Amended Complaint because Plaintiff failed to obtain Defendants' consent or the Court's approval prior to filing the Amended Complaint. However, given that Plaintiff has now moved for leave of Court, Defendants' motion to strike is **DENIED** as moot.

attempted to restrict him from engaging in similar activities after his employment with Plaintiff ended. On June 15, 2004, Houweling resigned from Plaintiff and accepted employment with Defendant Woodruff-Sawyer.

Plaintiff filed this suit against Defendants on June 24, 2004. On July 1, 2004, the Court issued a temporary restraining order against Defendants. The Court later modified the order following Defendants' motion for reconsideration on July 24, 2004. Houweling filed a counterclaim and subsequently passed away on November 20, 2004. On January 3, 2004, Houweling's counsel notified Plaintiff of Houweling's death and the appointment of Mary Houweling as the Special Administrator to Houweling's estate. On March 30, 2005, the Estate was substituted in as counterclaimant. The First Amended Counterclaim was filed on June 15, 2005. On June 21, 2005 Plaintiff filed a First Amended Complaint. The Estate moved to strike the complaint, prompting Plaintiff to file the instant motion seeking leave of the Court to file its First Amended Complaint.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Where a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. PROC. 15. Once the plaintiff has provided a legitimate reason for amending the pleading, the burden shifts to the defendant to demonstrate why leave to amend should not be granted. *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); W. Schwarzer, A. Tashima, & J. Wagstaffe, *Federal Civil Procedure Before Trial,* § 8:415, at 8-130 (2002). In deciding whether justice requires granting leave to amend, factors to be considered include "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The decision whether to grant leave to amend remains within the Court's discretion. *See Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). Generally, leave to amend

should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Nonetheless, certain types of motions to amend are less favored than others. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri*, 781 F.2d at 1398. However, amendments seeking to add claims are to be granted more freely than amendments adding parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

## ANALYSIS

Here, Plaintiff seeks to amend the complaint to allege separately the breach of the five-year employment term from the breach of the non-competition provision. Plaintiff contends that the separate allegations will allow the parties to file an early motion for summary judgment on the breach of the five-year employment term.

To determine whether the proposed amendment should be granted here, only two of the *Moore* factors are relevant: undue delay and prejudice.

### A.    Undue Delay

The Estate asserts that Plaintiff's attempt to amend its Complaint should be denied as it constitutes undue delay, and that Plaintiff has failed to explain its delay in seeking to amend. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay[.]") (internal citations omitted). The Estate contends that Plaintiff's delay in seeking to amend its compliant is inexcusable because the factual and legal predicate of Plaintiff's new claim was well known to Plaintiff at the time the original Complaint was filed.

The Court agrees with the Estate. Plaintiff has failed to adequately explain why it waited such a long period of time to file the motion to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (finding that the district court did not abuse its discretion in denying leave to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally"). There is no reason why

3

1  Plaintiff would not have known about the issue concerning the Agreement's alleged five-year term
2  at the time the original Complaint was filed.  Furthermore, the record demonstrates that this issue
3  was raised during the Case Management Conference on May 10, 2005, yet Plaintiff failed to file the
4  instant motion to amend until July 15, 2005.

**B.     Prejudice**

The Estate contends that Plaintiff's delay is prejudicial to Defendants and the Court because the deadline for fact discovery and the filing of dispositive motions has passed.  Plaintiff responds that the proposed First Amended Complaint raises no new facts, but only new legal theories based upon the same operative facts.  Plaintiff also asserts that the Estate was made aware of the potential claim during the mediation on April 15, 2005.

An amendment's potential prejudice to the opposing party "carries the most weight" among the four factors in deciding whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  To deny leave to amend, the prejudice must be substantial. *Morongo,* 893 F.3d at 1079.  "A need to reopen discovery and therefore delay proceedings supports a . . . finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin*, 194 F.3d at 986; *see also Solomon v. North American Life and Casualty Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding no abuse of discretion in denial of leave to amend where motion to amend was made on the eve of discovery cut-off and motion would have required reopening discovery).

In the instant action, the Court finds that Plaintiff's motion was made on the eve of the discovery cut-off and granting of the motion would require reopening discovery. *See Solomon*, 151 F.3d at 1139.  Plaintiff filed the instant motion on July 1, 2005, and the discovery cut-off for this matter was on July 15, 2005.  Furthermore, the pre-trial conference is currently set for October 11, 2005, and the trial is scheduled to begin on October 24, 2005.  In light of these considerations, the Court finds that the Estate will be prejudiced if the Court allows Plaintiff to amend at this late date.  Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint is **DENIED**.[2]

---

[2] The Court also **DENIES** Plaintiff's motion for all of the reasons articulated by the Court during oral argument on August 30, 2005

4

**CONCLUSION**

The Court hereby **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint. This order terminates docket no. 176 and no. 183.

**IT IS SO ORDERED.**

Dated: September _1_, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE