United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED NORTH AMERICA<br><br>    Plaintiff,<br><br>      v.<br><br><br>WOODRUFF-SAWYER, et al.<br><br>    Defendants.<br>_____/ | No.  C 04-02527 MJJ  (EDL)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT ESTATE OF DERMOD HOUWELING'S EMERGENCY MOTION TO COMPEL** |

       The Court has received Defendant Estate of Dermod Houweling's Emergency Motion to Compel Disclosure of Expert Reports and for Exclusion of Plaintiff's Experts that was filed on August 25, 2005 and Plaintiff's filings in Support of Request for Case Management Conference and Opposition to Estate of Dermod Houweling's Emergency Motion that was filed on August 29, 2005. There has been no showing that the Estate even attempted to meet and confer with Plaintiff before filing this emergency motion. See Civil L.R. 37-1(a). Counsel for the Estate certified only that co-Defendant Woodruff-Sawyer sent a letter dated July 6, 2005 to Plaintiff regarding the expert reports, which in any event is insufficient to satisfy the meet and confer requirement. See Civil L.R. 1-5(n). Further, expert reports were due in June 2005, yet the Estate provides no explanation as to why it waited until after the August 12, 2005 discovery cutoff date to file this motion. Finally, the Estate's motion did not include a request to shorten time as required by Civil Local Rule 6-3. Therefore, the Estate's motion is denied without prejudice. The Court would consider a request to shorten time that

is properly presented and would be inclined to set an abbreviated briefing schedule for a motion to compel, if a motion is still necessary after proper meet and confer. Plaintiff's counsel is ordered to make themselves available for expedited meet and confer on this issue.

IT IS SO ORDERED.

Dated: September 2, 2005

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge