United States District Court
For the Northern District of California

1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ALLIED NORTH AMERICA INSURANCE                No. C 04-2527  MJJ
     BROKERAGE CORP. OF CALIFORNIA,
11
                  Plaintiff,
12
            v.                                     **ORDER GRANTING IN PART AND
13                                                 DENYING IN PART PLAINTIFF'S
                                                   MOTION TO DISMISS
14   WOODRUFF-SAWYER, et al.,                      DEFENDANTS' COUNTERCLAIM**

15                Defendants.
                                            /
16

17                              **INTRODUCTION**

18          Before the Court is Plaintiff Allied North America Insurance Brokerage Corporation's

19   ("Plaintiff") Motion to Dismiss the Third, Fourth, Fifth, and Seventh Causes of Action in Defendants

20   Woodruff-Sawyer and Dermond Houweling's ("Defendants") First Amended Counterclaim.

21                           **FACTUAL BACKGROUND**

22          Plaintiff employed Defendant Houweling, a successful and highly regarded executive in the

23   insurance and surety brokerage industry, from June 15, 1998 through June 15, 2004.  Houweling and

24   Plaintiff executed a "Producer Agreement" ("the Agreement") which governed the terms and

25   conditions of his employment with Plaintiff.  The Agreement allegedly prevented Houweling from

26   engaging in conduct that posed a conflict of interest with his employment with Plaintiff and

27   attempted to restrict him from engaging in similar activities after his employment with Plaintiff

28   ended.  On June 15, 2004, Houweling resigned from Plaintiff and accepted employment with

1   Defendant Woodruff-Sawyer.

2          Plaintiff filed this suit against Defendants on June 24, 2004.  On July 1, 2004, the Court

3   issued a temporary restraining order against Defendants.  The Court later modified the order

4   following Defendants' motion for reconsideration on July 24, 2004.  Houweling filed a counterclaim

5   and subsequently passed away on November 20, 2004.  On January 3, 2004, Houweling's counsel

6   notified Plaintiff of Houweling's death and the appointment of Mary Houweling as the Special

7   Administrator to Houweling's estate.  On March 30, 2005, the Estate was substituted in as

8   counterclaimant.  The First Amended Counterclaim was filed on June 15, 2005.  On June 21, 2005

9   Plaintiff filed a First Amended Complaint.  The Estate moved to strike the complaint, prompting

10  Plaintiff to seek leave of the Court to file its First Amended Complaint.

11                                    **LEGAL STANDARD**

12         A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the

13  complaint.  *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996).  Dismissal of  an

14  action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff

15  can prove no set of facts in support of his claim which would entitle him to relief."  *Levine v.*

16  *Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson,* 355 U.S. 41,

17  45–46 (1957)).  In reviewing such a motion, the Court must assume all factual allegations to be true

18  and must construe them in the light most favorable to the nonmoving party.  *See N. Star v. Ariz.*

19  *Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983).  In the context of a motion to dismiss, review is

20  limited to the contents of the complaint.  *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.,* 69

21  F.3d 381, 385 (9th Cir. 1995).  However, matters properly presented to a court, such as those

22  attached to the complaint and incorporated within its allegations, may be considered as part of the

23  motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19

24  (9th Cir. 1989).

25         Motions to dismiss for failure to state a claim "are generally viewed with disfavor."  *Ramos*

26  *v. Cal. Comm. of Bar Exam'rs of the State Bar of Cal.,* 857 F. Supp. 702, 704 (N.D. Cal. 1994).

27  "Each averment of a pleading shall be simple, concise, and direct."  FED. R. CIV. P. 8(e)(1).  Courts

28  must assume that all general allegations "embrace whatever specific facts might be necessary to

United States District Court
For the Northern District of California

2

1   support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).  If the

2   complaint does not meet the liberal pleading standard, a court must grant leave to amend unless "it is

3   absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment."  *Noll v.*

4   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

5                                                            **ANALYSIS**

6          Plaintiff moves to dismiss Defendants' Third, Fourth, Fifth and Seventh Causes of Action for

7   failure to state a claim under Rule 12(b) of the Federal Rules of Civil Procedure.  Since Plaintiff has

8   voluntarily dismissed the Third and Fourth Causes of Action, the Court does not address the merits

9   of these actions.

10  **A.      The Fifth Cause of Action - Declaratory Relief**

11         Defendants' Fifth Cause of Action seeks declaratory relief based on Plaintiff's actions in

12  restricting Houweling from conducting business with his long-standing clients.  This cause of action

13  also seeks attorney's fees and costs based on section 18.10 of the Agreement.  Plaintiff argues that

14  Defendants' request for declaratory relief is mooted by Houweling's death.  Defendants counter that

15  even though Houweling has died, an actual controversy still exists surrounding the validity and

16  enforceablity of the Agreement's non-interference provision.

17         Declaratory relief is appropriate only when there exists an "actual controversy."  28 U.S.C. §

18  2201.  An actual controversy exists when there is a "substantial controversy, between parties, having

19  adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory

20  judgment."  *Maryland Gas Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Additionally,

21  if the claim for declaratory relief becomes moot, no actual controversy will exist.  U.S. Const., Art.

22  III; *see also McQuillon v. Schwarzennegger*, 369 F.3d 1091, 1095 (9th Cir. 2004).

23         Here, the Court finds that Defendants' declaratory relief claim is appropriate because of the

24  necessity to determine the rights of the Estate under the provisions of the Agreement and to address

25  questions regarding the validity and enforceability of the non-interference provisions.  Additionally,

26  the Court is not persuaded that the Estate's right to recover attorney fees is adversely affected by

27  Houweling's death.  Therefore, the Court **DENIES** Plaintiff's motion to dismiss Defendants' Fifth

28  Cause of Action.

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    **B.        The Seventh Cause of Action- Waiting Time Penalties**

2           Defendants' Seventh Cause of Action alleges a violation of California Labor Code Section

3    203 which provides for penalties beyond those provided by contract law.  California Labor Code

4    Section 203 states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in

5    accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged

6    or who quits" then the employee shall receive wages "as a penalty from the due date thereof at the

7    same rate until paid or until an action therefor is commenced."

8           Defendants argue that the phrase "in accordance with Sections 201, 201.5, 202, and 205.5"

9    modifies the phrase "without abatement or reduction."  *See* CAL. LABOR CODE § 203.  Defendants

10   further assert that the statute is designed to protect the rights of every employee who quits, resigns,

11   or is laid off based on the phrase "who is discharged or who quits."  *See id*.  Plaintiff, on the other

12   hand, argues that penalties can only be provided for violations of the specifically enumerated

13   sections.  Since Houweling's employment relationship is not one of those listed in 201 (applicable to

14   employees who are discharged or laid off; Houweling resigned), 201.5 (applicable to employees in

15   the motion picture industry; Houweling worked in the insurance industry), 202 (applicable to

16   employees without a written contract for a definite period; Houweling's contract was for five years),

17   or 205.5 (applicable to agricultural employees which Houweling was not), Plaintiff contends that

18   Defendants fail to state a claim based on Section 203.

19          When engaging in statutory construction, courts should give significance, if possible, to

20   every word of an act, and a construction that renders a word surplusage should be avoided.  *Delaney*

21   *v. Superior Court*, 50 Cal. 3d 785 (1990) (citing *City and County of San Francisco v. Farrell*, 32

22   Cal. 3d 47, 54 (1982); *Cal. Mfrs. Assn. v. Pub. Utils. Com.*, 24 Cal. 3d 836, 844 (1979)).  The Court

23   finds that Defendants' interpretation of Section 203 is incorrect.  First, Defendants' contention that

24   "in accordance with Sections 201, 201.5, 202 and 205.5" modifies the phrase "without abatement or

25   reduction" is illogical given that Sections 201.5 and 205.5 do not discuss abatement or reduction at

26   all.  CAL. LABOR CODE § 203; *see also* CAL. LABOR CODE §§ 201.5, 205.5.

27          Second, each of the enumerated sections govern whether and when wages are due and none

28   of them apply to employees who have a written contract for a definite term.  Here, Defendants'

4

1    counterclaim alleges that the purpose of the Agreement was "[t]o secure [Houweling's] services for

2    a number of years[.]" (Counterclaim at ¶3.)  Furthermore, an examination of the Agreement itself

3    reveals that it explicitly contemplated a five-year employment term.

4          Third, the only cases in California to return awards based on Section 203 involve violations

5    of the other sections listed.  *See Road Sprinklers Fitness Local Union No. 669 v. G&G Fire*

6    *Sprinklers*, 102 Cal. App. 4th 765, 781 (2002) ("This Section 203 requires the payment of an

7    additional penalty if the employer willfully fails to comply with Section 202"); *Barnhill v. Robert*

8    *Saunders & Co.*, 125 Cal. App. 3d 1, 4 (1981) (violation of Section 201 alleged in order to recover

9    penalties based on Section 203); *Oppenheimer v. Sunkist Growers, Inc.*, 153 Cal. App. 2d Supp. 897,

10   898 (1957) (Section 201 and 202 allow for Section 203 penalties); *Oppenheimer v. Robinson*, 150

11   Cal. App. 2d 420, 422 (1957) (the plaintiff sought penalties under Section 203 when his employment

12   situation was based on Section 201); *Sayre v. Western Bowl*, 76 Cal. App. 2d 793, 799 (1946)

13   (stating "section 203 may be invoked by plaintiff only upon proof that defendant employers wilfully

14   failed to pay wages due to him in accordance with section 201"). *Davis v. Morris*, 37 Cal. App. 2d

15   269, 274 (1940) (violation of Section 201 allows for penalties pursuant to Section 203).

16         Because Defendants do not, and cannot allege, that Houweling was employed pursuant to

17   Section 201, 201.5, 202, or 205.5, the Court **DISMISSES** Defendants' Seventh Cause of Action

18   with prejudice.

19                              **CONCLUSION**

20         For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's

21   Motion to Dismiss.

22

23

24

25

26

27

28

**IT IS SO ORDERED.**

Dated: September 6, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

6